UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION LOPEZ VELASQUEZ, | No. 1:26-cv-00576-DJC-JDP |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, | |
| Respondent. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Preliminary Injunction (Mot. (ECF No. 2)) seeking release from Respondent's custody. Petitioner entered the country without inspection in 1999. (*Id.* at 1.) Petitioner was not taken into custody by DHS in June 2025. (*Id.* at 1.)

On July 28, 2025, Petitioner was provided a bond hearing before an Immigration Judge. (*See* Pet. at 10–11.) At this hearing, the Immigration Judge granted Petitioner a $3,500 bond. (*Id.*) The Government then filed a notice of automatic stay with the Board of Immigration Appeals ("BIA"). (Pet. at 2.) The BIA reversed the decision of the Immigration Judge based on a BIA decision holding that noncitizens such as Petitioner are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and, therefore, ineligible for a bond hearing. (*See* Pet. at 2 (citing

1

*Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)); *see also* Pet. at 6.)  Petitioner has now been denied release.

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).  For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits.  As Petitioner has been present in the United States for several decades (Mot. at 1) she is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2).  *See Morillo*, 2025 WL 3707140, at *4.  Thus, Petitioner is likely to succeed on the merits of his claim that he is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").  Because the Government cannot assert that it is harmed by application of the correct law, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003).  Thus, the Court concludes no security is required here.

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1.  Petitioner's Motion for Preliminary Injunction (ECF No. 2) is GRANTED.

2.  Within seven (7) days of this Order, Petitioner shall be afforded a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered, and Petitioner may have her counsel present.  Within five (5) days of that hearing being conducted, Respondent shall file a notice informing the Court that Petitioner has received the ordered bond hearing and the result of that hearing.

3.  Respondent's Motion to Dismiss (ECF No. 9) is denied without prejudice to refiling in compliance with the Local Rules.

4.  This matter is referred to the assigned Magistrate Judge for all further proceedings.

IT IS SO ORDERED.

Dated:  **February 1, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5.