UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONCEPCION LOPEZ VELASQUEZ (A-Number: 207-341-738),<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT,<br><br>Respondent. | Case No.  1:26-cv-0576-DJC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Concepcion Lopez Velasquez entered the United States in 1999 and was detained by ICE in 2025.  Petitioner, now proceeding with counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming that her detention violates the Immigration and Nationality Act.  The court issued injunctive relief, ordering that petitioner be afforded a bond hearing.  Petitioner was provided that hearing, at which she was denied bond.  Petitioner now moves the court for a preliminary injunction granting her immediate release.  Because petitioner has failed to exhaust her administrative remedies, I recommend that petitioner's motion for preliminary injunction be denied and that the petition be dismissed without prejudice.

**Background**

Petitioner entered the United States in 1999 without inspection.  ECF No. 2 at 1.  There is no allegation or evidence that, prior to her present detention, petitioner has been detained by immigration officials.  Petitioner previously benefited from Deferred Action for Childhood

1

Arrivals ("DACA"), but that has since expired. *Id*.

In June 2025, petitioner was detained by ICE. ECF No. 1 at 4. In July 2025, petitioner was provided a bond hearing, at which the immigration judge granted petitioner a $3,500 bond. *Id*. at 9-10. The government filed a notice of automatic stay, and the Board of Immigration Appeals then reversed the immigration judge's decision based on the finding that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and, consequently, ineligible for a bond hearing. *Id*. at 2.

**Procedural History**

On January 23, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus and a motion for preliminary injunction. ECF Nos. 1 & 2. On January 29, 2026, respondent filed a combined motion to dismiss the petition and opposition to the issuance of a preliminary injunction. ECF No. 9.

On February 1, 2026, the court granted petitioner's motion for preliminary injunction, ordered that petition be provided a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, and referred the matter to me for further proceedings. ECF No. 11. Five days later, petitioner was afforded a bond hearing, at which the immigration judge denied bond based on the finding that petitioner is a flight risk. ECF No. 12-1. Petitioner reserved the right to appeal that order by March 9, 2026. *Id*. at 2. There is no indication in the record as to whether petitioner has filed an appeal.

On March 6, 2026, petitioner filed a second motion for preliminary injunction, in which she requests immediate release. ECF No. 14. I appointed counsel on April 13, 2026, and appointed counsel appeared that same day. ECF Nos. 15 & 16. On April 24, 2026, respondent filed an opposition to petitioner's second motion for preliminary injunction. ECF No. 9. One week later, petitioner filed a reply. ECF No. 21.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of

that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner has failed to exhaust her administrative remedies. Accordingly, her second motion for preliminary injunction should be denied, and the petition should be dismissed without prejudice.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner has failed to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless excuse exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). I begin by considering the *Puga* factors in turn.

3

First, it does not appear that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988. On the contrary, courts have found that where, as here, the petitioner is entitled to a bond hearing under section 1226, the first *Puga* factor weighs against prudential exhaustion. *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025). The immigration judge ("IJ") provided a written decision, and respondent has lodged an audio recording of the bond hearing; it therefore appears that consideration by the Board of Immigration Appeals ("BIA") is unnecessary to generate a record or for this court to reach a proper decision. *See* ECF No. 12-1; ECF No. 20. For these reasons, the first *Puga* factor does not weigh in favor of finding exhaustion prudential.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion). Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights. I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Indeed, the BIA "has the authority to correct the erroneous factual determinations and evidentiary errors alleged" by petitioner. *See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)). The BIA's review of the IJ's order would "allow the agency to correct its own mistakes" and

4

potentially "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

This finding is also supported by the Court of Appeals' decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011). In that case, after the petitioner filed a habeas petition, the court ordered that petitioner be afforded a *Casas-Castrillon* hearing.[1] *Id*. at 1159. The petitioner was provided a hearing, at which the IJ denied bond based on the finding that the petitioner "posed a danger to the community." *Id*. "Rather than appealing the IJ's adverse bond determination to the BIA, [the petitioner] filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order." *Id*. The Court of Appeals held that "[t]his short cut was improper" and that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id*. at 1160. The court further held that "[o]nce the BIA rendered its decision, [the petitioner] could have properly pursued habeas relief in the district court." *Id*. Accordingly, the court remanded the case with instructions for the district court to dismiss the petition without prejudice. *Id*. at 1161.

Here, as in *Leonardo*, the court ordered a bond hearing, petitioner was denied bond at that hearing, and petitioner has sought judicial review before exhausting administrative remedies. Given these core similarities, the Court of Appeals' reasoning from *Leonardo* is persuasive; petitioner's "short cut was improper" and she must exhaust administrative remedies before seeking judicial review. *See id.* at 1160.

---

[1] A *Casas-Castrillon* hearing was afforded to a noncitizen detained under 8 U.S.C. § 1226(c) and whose "immigration case reaches judicial review" such that their detention is then governed under 8 U.S.C. § 1226(a), which provides for a bond hearing. *Avilez v. Garland*, 69 F.4th 525, 528 (9th Cir. 2023) (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008)). The Court of Appeals has since overturned *Casas-Castrillon*, holding that section 1226(c) "authorizes detention during the judicial review phase of removal proceedings." *Id*. at 537. While *Casas-Castrillon* is no longer good law, and the hearing in the present action is distinct, *Leonardo* is nonetheless instructive.

Petitioner presents two arguments to justify excusing her exhaustion requirement. First, petitioner argues that exhaustion "may be excused where it 'would be futile' or 'when the interests of the individual in retaining prompt access to a federal judicial forum outweigh the interests of the agency in protecting its own statutory authority."[2] ECF No. 21 at 15 (citing *Quintana Casillas v. Sessions*, No. 17-cv-1039-DME-CBS, 2017 WL 3088346, at *9 (D. Colo. July 20, 2017)). Petitioner, however, does not explain why her appeal would be futile. While the BIA previously held that petitioner is subject to mandatory detention, there is no evidence that the agency would decline to review the immigration judge's order from petitioner's second bond hearing. Similarly, petitioner does not provide any reasoning as to why her interests in "retaining prompt access to a federal judicial forum outweigh the interests of the agency." *See id*. As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not demonstrated that the court should excuse the exhaustion requirement on this basis.

Second, petitioner argues that her motion for preliminary injunction "does not arise from an initial habeas petition but from a request to enforce this Court's existing order." ECF No. 21 at 16. Specifically, petitioner contends that the IJ erred in placing the burden of proof on petitioner, and that the IJ's flight risk determination was arbitrary and unreasonable. As an initial matter, the Court of Appeals has recognized that a petitioner bears the burden of proof at a

---

[2] Petitioner purports to advance three arguments, but her third argument is that she "has a strong independent interest in prompt federal [court] access." *See* ECF No. 21 at 16. I find that the third argument is duplicative of the first argument, and therefore I consider them together.

section 1226(a) hearing, and the court rejected the argument that due process requires a second bond hearing at which the government bears the burden of proof by clear and convincing evidence. *Rodriguez Diaz*, 53 F.4th at 1197, 1203.

Moreover, because petitioner claims that the IJ violated her procedural due process rights, she must first exhaust this claim before seeking judicial review. *See Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims."). This finding is also supported by *Leonardo*, where the Court of Appeals rejected the petitioner's argument that "the district court should have addressed his challenges to the IJ's decision based on the court's authority to ensure compliance with its earlier habeas order." *See Leonardo*, 646 F.3d at 1161. The Court of Appeals held that:

> [The petitioner] is correct that the district court had authority to review compliance with its earlier order conditionally granting habeas relief. [citations] But in this case the district court concluded that the government "complied exactly with this Court's Order" by affording a bond hearing before an immigration judge. The district court thus exercised its authority to ensure compliance with its conditional grant of relief and construed [the petitioner's] legal challenges following the IJ's hearing as raising new arguments not covered by the earlier order. The district court was under no obligation to address [the petitioner's] new arguments under the ambit of ensuring compliance with the earlier order.

*Id.*

I find this reasoning to be persuasive. This court ordered that petitioner "be afforded a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations." ECF No. 11 at 3. There is no evidence that the IJ failed to comply with this requirement. As such, this court is "under no obligation to address [petitioner's] new arguments under the ambit of ensuring compliance with the earlier order." *See Leonardo*, 646 F.3d at 1161.

Accordingly, because petitioner does not demonstrate that the exhaustion requirement should be excused, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4

7

(dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same).  Similarly, petitioner's motion for preliminary injunction should be denied.

### Conclusion

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's motion for preliminary injunction, ECF No. 14, be DENIED.

2. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE